NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LENIN GARCIA,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>E. MORENO, Correction Officer; M. HARRIS, Sergeant; E. SILVA, Lieutenant; D. HICKS, Correctional Officer; H. HINOJOSA, Correctional Officer; M. SILVA, Correctional Officer; PENA, Correctional Officer; SEGURA, Correctional Officer,<br><br>        Defendants-Appellees. | No. 20-17276<br><br>D.C. No. 1:18-cv-00014-DAD-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 17, 2022[**]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Lenin Garcia appeals pro se from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's legal rulings on exhaustion and for clear error the district court's findings on disputed issues of material fact relevant to exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Garcia failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Albino*, 747 at 1172 (once the defendant has carried the burden to prove there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him).

The district court did not abuse its discretion in excluding certain portions of Garcia's testimony and certain of his exhibits where that evidence contained hearsay, *see United States v. Torres*, 794 F.3d 1053, 1061 (9th Cir. 2015), violated the best evidence rule, *see L.A. News Serv. v. CBS Broadcasting, Inc.*, 305 F.3d

924, 935-36 (9th Cir. 2002), *amended by* 313 F.3d 1093 (9th Cir. 2002), or was irrelevant, *see Mulligan v. Nichols*, 835 F.3d 983, 992 (9th Cir. 2016).

The district court did not abuse its discretion by awarding costs to defendants under Federal Rule of Civil Procedure 54(d)(1). *See Draper v. Rosario,* 836 F.3d 1072, 1087 (9th Cir. 2016) ("We have interpreted Rule 54(d)(1) as creating a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." (citation and internal quotation marks omitted)).

We reject as meritless Garcia's contention that the district court should have provided him with a free transcript of the evidentiary hearing.

**AFFIRMED.**